IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Kibwe Rayford, Jr.,                                           Case No. 3:25-cv-271

            Plaintiff,

                                       MEMORANDUM OPINION
   v.                                                                      AND ORDER

United States of America,

            Defendant.

## I.     INTRODUCTION

*Pro se* plaintiff Kibwe Rayford, Jr., has filed this complaint against the United States of America, seeking "General Immunity" from "civil and criminal charges filed against [him]" and "[r]etaliation from government or court." (Doc. No. 1 at 2). The only factual basis he provides for this request is that: (1) he recently filed dozens of employment-discrimination cases in the Court of Common Pleas for Lucas County, Ohio, many of which have been removed to this Court by the defendants;[1] and (2) this Court and the "Government" have violated his "constitutional rights" through "White House Executive Orders" and the misapplication of "Federal Rules." (*Id.*) Plaintiff also has filed an application to proceed *in forma pauperis*, which I grant. (Doc. No. 2). For the following reasons, Plaintiff's complaint is dismissed.

---

[1] *See Rayford, Jr. v. Kyle Media, Inc.*, No. 3:25-cv-269 (N.D. Ohio Feb. 28, 2025) (Doc. No. 10-4) (dismissing removed employment-discrimination complaint filed by Plaintiff as frivolous and part of a pattern of vexatious litigation).

## II.    DISCUSSION

*Pro se* pleadings are liberally construed and held to less stringent standards than pleadings drafted by lawyers.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  But the lenient treatment generally accorded *pro se* plaintiffs "has limits."  *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citation omitted).  *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to conjure allegations or create claims on their behalf.  *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008); *Bassett v. Nat'l Collegiate Athletic Ass'n,* 528 F.3d 426, 437 (6th Cir. 2008); *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).

District courts are expressly required, under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, to screen all *in forma pauperis* complaints filed in federal court and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).  A complaint fails to state a claim upon which relief may be granted when it lacks "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Id.* at 471 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), for determining a motion to dismiss under Rule 12(b)(6) governs dismissals for failure to state a claim under §§ 1915(e)(2)(B) and 1915A).

Even construing Plaintiff's complaint liberally, it fails to meet this most basic pleading standard.  The complaint is almost completely devoid of facts.  It fails to connect any alleged occurrence to any specific, cognizable injury.  His citation to certain legal authority is insufficient. And his complaint does not contain a decipherable legal claim within the jurisdiction of this Court or a proper request for relief.

The complaint, therefore, must be dismissed pursuant to § 1915(e)(2)(B). *See Lillard v. Shelby Cnty. Bd. of Educ.,* 76 F.3d 716, 726 (6th Cir. 1996) (noting a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief); *Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (holding where a person is named as a defendant in a case without an allegation of specific conduct, a complaint is subject to dismissal even under the liberal construction afforded pro se pleadings).

### III.    CONCLUSION

Accordingly, Plaintiff's motion to proceed *in forma pauperis*, (Doc. No. 2), is granted, and his complaint is dismissed pursuant to § 1915(e)(2)(B).  Further, I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.


So Ordered.

 s/ Jeffrey J. Helmick
United States District Judge

3